848 F.2d 191
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee HESLER, Petitioner-Appellant,
v.
Al PARKE, Respondent-Appellee.
 No. 87-5120.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1988.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and HORACE W. GILMORE, District Judge.*
 
 PER CURIAM
 
 2
 Petitioner-appellant Robert Lee Hesler (Hesler) appealed from the district court's order dismissing his petition for a writ of habeas corpus in this action commenced pursuant to 28 U.S.C. Sec. 2254. Hesler was convicted of third-degree burglary in the Bracken County, Kentucky Circuit Court for attempting to steal sixteen rolls of barbwire from a local resident's barn and was sentenced to five years imprisonment. Immediately following his conviction, the trial court conducted a persistent felony offender hearing during which the prosecution introduced evidence indicating that Hesler had several previous felony convictions. The jury thereafter convicted Hesler of being a first degree felony offender under Ky.R.Stat. Sec. 532.080(3), and Hesler's sentence was accordingly enhanced to twenty years imprisonment.
 
 
 3
 Following unsuccessful direct appeals to the state appellate courts, and application to state court for post-conviction relief, Hesler commenced the present action by filing a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Kentucky. In his petition, Hesler asserted several alleged constitutional errors which were considered and rejected by the district court.
 
 
 4
 On appeal, Hesler, in addition to raising the same claims rejected by the district court, argued that his sentence of twenty years imprisonment was grossly disproportionate to the crime of third-degree burglary in violation of the Eighth Amendment to the United States Constitution. See Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983) ("a criminal sentence must be proportionate to the crime for which the defendant was convicted").
 
 
 5
 Upon examination of the record, and the briefs and oral arguments of the parties herein, it does not appear that this claim was raised before the district court, and the district court did not, therefore, determine whether Hesler had exhausted the claim by adequately presenting it to the state courts. Accordingly, the judgment of the district court is vacated, and the case is remanded to the district court to determine whether Hesler's Eighth Amendment claim had been exhausted, and if so, to consider the merits of that claim in the first instance. Upon remand, if the district court concludes that the claim has not been exhausted, it should exercise its discretion to decide if it should consider the merits of the claim or dismiss the entire petition so that the claim may be exhausted by presenting it to the state courts, as directed by the Supreme Court's mandate in Granberry v. Greer, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987) (federal courts must "determine whether the interests of comity and federalism will better be served by addressing the merits" of unexhausted claims). In so instructing the district court, this court does not express an opinion on the merits of any of Hesler's claims.
 
 
 6
 For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation