905 F.2d 1528
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James BATEMAN, Jr., Petitioner-Appellant,
v.
L.W. HUFFMAN; Russell Wilson; Sara L. Thomas; Virginia
Department of Corrections, Respondents-Appellees.
 No. 89-6731.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 9, 1990.
Decided May 7, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (C/A 88-216-H)
 James Bateman, Jr., appellant pro se.
 Richard Francis Gorman, Assistant Attorney General, for appellees.
 W.D.Va.
 DISMISSED.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Bateman, Jr. appeals from the district court's order dismissing his 28 U.S.C. Sec. 2254 petition.[1] Although respondents had addressed the case on the merits in their motion for summary judgment, the district court dismissed for failure to exhaust available state remedies. Because exhaustion became an issue for the first time in the order dismissing the case, Bateman could offer proof of exhaustion only by making a motion to review judgment pursuant to Fed.R.Civ.P. 59. Although Bateman cited in his motion the case number for his habeas corpus petition to the Virginia Supreme Court, the district court stated that it found no evidence that plaintiff/petitioner had exhausted his state remedies and denied the motion.
 
 
 2
 We find that this refusal to acknowledge Bateman's offer of proof was abuse of discretion. However, rather than remand this case for further proceedings, we have determined that the interests of comity and federalism, and the interests of justice, would be better served by addressing the merits of Bateman's petition on appeal. See Granberry v. Greer, 481 U.S. 129 (1987).
 
 
 3
 Bateman claims that his six-month sentence for petty larceny was improperly enhanced by 25 years. This "enhancement" was the time remaining on previously received sentences when he was released on parole in 1977. As evidenced by respondents' affidavits in support of their motion for summary judgment, these sentences and his discretionary and mandatory parole release dates were properly calculated.[2]
 
 
 4
 Bateman also claims that the 1979 repeal of the Virginia Recidivist Statute, Va.Code Sec. 53-296, by Sec. 53.1-151, voided his pre-1979 recidivism conviction. However, the Act of March 26, 1979, Ch. 411, which repealed Sec. 53-296, reveals no such intention on the part of the Virginia legislature. Moreover, under Va.Code Sec. 1-16, the repeal of a criminal statute has no effect on a punishment incurred under the former law. There is no constitutional defect in this procedure.
 
 
 5
 Bateman claims his time spent in federal custody following his release on parole in 1979 should be credited. However, while a Virginia court may allow a sentence to run concurrently with that of another jurisdiction, Bateman was not serving a concurrent Virginia sentence at the time of his federal incarceration.
 
 
 6
 Bateman's final claim is that he was involuntarily subjected to the Good Conduct Allowance system of Va.Code Sec. 53.1-198 rather than retaining the option of remaining under the Good Conduct Time System for convictions prior to July 1, 1981. As indicated by respondents' motion for summary judgment, Bateman still retains this option, and neither system would entail his substantially earlier release from incarceration.
 
 
 7
 For the reasons stated, we find that Bateman's claims are without merit and, accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.
 
 
 
 [1]
 Bateman's suit was brought under 42 U.S.C. Sec. 1983. Because his complaint challenged the duration of his sentence, the district court treated it as a petition for habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475 (1973)
 
 
 [2]
 Bateman became immediately parole eligible on his six-month sentence and his reinstated sentences when he began serving his petty larceny sentence