948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen BORDEN, Petitioner-Appellant,
v.
Gary MOHR, Respondent-Appellee.
 No. 91-3485.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1991.
 
 Before BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio prisoner appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Stephen Borden pleaded guilty to one count of aggravated assault with firearm and physical harm specifications, to one count of receiving stolen property, and to one count of grand theft auto. He was sentenced to serve three to five years on the assault charge plus three years for the firearm specification. He received two concurrent two year sentences on the remaining counts.
 
 
 3
 Borden filed a motion to withdraw his guilty plea as unknowing and involuntary. He also filed a direct appeal. The appeal was consolidated with the motion to withdraw and an evidentiary hearing was held. The motion to vacate the plea was denied by the trial court and Borden again filed an appeal. The Ohio Court of Appeals for the Fifth Appellate District affirmed the judgment of the trial court. Borden filed a notice of appeal with the Ohio Supreme Court, but the appeal was never completed.
 
 
 4
 In his application for a writ of habeas corpus, Borden claimed that his guilty plea was invalid because it was unknowing and involuntary. Additionally, he claimed that his counsel was ineffective.
 
 
 5
 The district court determined that petitioner failed to exhaust state remedies, but proceeded to review the petition on the merits. The district court denied the petition after finding all claims were meritless.
 
 
 6
 Upon review, we conclude that the petition was properly denied because Borden did not demonstrate that his plea was invalid or that his counsel's assistance was ineffective.
 
 
 7
 First, Borden challenges the district court's determination that he failed to satisfy the requirement for exhaustion under 28 U.S.C. § 2254(b). His argument is of no consequence because the district court proceeded to review the petition on the merits. Where the claims are clearly meritless, exhaustion is not required. See, e.g., Granberry v. Greer, 481 U.S. 129, 131 (1987).
 
 
 8
 Next, Borden challenges the district court's failure to conduct an evidentiary hearing. No evidentiary hearing was required because petitioner did not show by convincing evidence that the state court's findings of fact were erroneous. See Sumner v. Mata, 455 U.S. 591, 592 (1982) (per curiam).
 
 
 9
 Each of petitioner's three remaining assignments of error concerns the validity of his guilty plea. All are meritless. The record of the plea proceedings supports a finding that Borden was alert and responsive and was not experiencing stupor or lethargy caused by the named drugs. Borden's second claim, that the plea was coerced by a promise of a "sexual contact visit," also lacks merit. In light of the totality of the circumstances, see Brady v. United States, 397 U.S. 742, 749 (1970), the plea was not rendered invalid by the grant of the request for a contact visit. Finally, the record does not support a finding that granting the visit was a condition of the plea agreement, that counsel's performance was deficient or that, but for counsel's allegedly deficient performance, Borden would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.