952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur L. STEPHENSON, Petitioner-Appellant,
v.
S.R. WITKOWSKI, Warden; State of South Carolina; Attorney
General of South Carolina, Respondents-Appellees.
 No. 91-7184.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 16, 1991.
Decided Dec. 31, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. (CA-90-2832-3), Joseph F. Anderson, Jr., District Judge.
 Arthur L. Stephenson, appellant pro se.
 D.S.C.
 VACATED AND REMANDED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Arthur L. Stephenson, a South Carolina inmate serving a sentence of life in prison for murder, appeals from the dismissal of his petition for post-conviction relief under 28 U.S.C. § 2254 (1988) pursuant to the State's Motion for Summary Judgment. Because the presence of an unexhausted state claim required dismissal of Stephenson's § 2254 petition without prejudice, we vacate the decision of the district court and remand the case to the district court with instructions.
 
 
 2
 The decedent, an acquaintance of Stephenson, was killed behind Stephenson's house, with his own gun after a day of drinking, shooting, and a "cook-out" with Stephenson and friends. Stephenson was alone with the victim at the time of the shooting. No witness who testified at Stephenson's trial saw what transpired, and no motive for the killing was apparent. Stephenson's alibi is that the gun accidentally discharged while the victim was playing with it.
 
 
 3
 In state habeas proceedings and in his subsequent § 2254 petition, Stephenson claimed that his trial counsel was constitutionally ineffective because he allegedly failed to request a jury instruction on the defense of accident, failed to impeach a prosecution witness, failed to object to statements in the prosecution's closing argument concerning Stephenson's accident alibi, failed to object to a jury instruction concerning malice, and failed to object to comments by the trial judge highlighting the fact that Stephenson would not be sentenced to death if convicted. In addition, Stephenson filed an amendment to his § 2254 petition arguing that the evidence was insufficient to support conviction. The magistrate judge recommended dismissal of Stephenson's sufficiency argument for non-exhaustion, dismissal of three other claims as procedurally barred, and dismissal of two on the merits. The district court adopted the recommendations of the magistrate judge over Stephenson's objections.
 
 
 4
 Stephenson never raised the issue of sufficiency of evidence in any state post-conviction proceeding. We cannot assume that Stephenson will not be allowed to raise this issue in state court at a later date. See S.C.Code Ann. § 17-27-90 (Law.Co-op.1985). The state has not waived the exhaustion requirement with respect to this issue.* Stephenson has therefore not exhausted state remedies as required by § 2254(b)-(c).
 
 
 5
 Stephenson's assertion that the evidence was insufficient to support a conviction is a non-frivolous constitutional claim. See Jackson v. Virginia, 443 U.S. 307, 313-16 (1979); Granberry v. Greer, 481 U.S. 129, 133-35 (1987). As a matter of comity, federal courts should not consider such claims in § 2254 petitions until the state courts have had an opportunity to act. See Rose v. Lundy, 455 U.S. 509, 515 (1982). When a § 2254 petition contains a mixture of both exhausted and unexhausted claims, the district court must dismiss the entire petition without prejudice. See Rose, 455 U.S. at 519, 522. Because Stephenson's amendment raising the insufficiency argument caused his petition to contain a mixture of exhausted and unexhausted claims, the district court should have dismissed the entire petition without reaching the merits. Stephenson could then immediately resubmit his petition with only exhausted claims, or seek to exhaust his sufficiency claim in state court. Id. at 520.
 
 
 6
 Accordingly, we grant Stephenson a certificate of probable cause to appeal, vacate the decision of the district court, and remand with instructions to dismiss Stephenson's § 2254 petition without prejudice for non-exhaustion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 Although the state waived the exhaustion requirement with respect to other claims, Stephenson had not yet asserted his insufficiency claim at the time of the waiver