968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonnie Eugene SCHOOLEY, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee,
 No. 91-6148.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Lonnie Schooley appeals the district court's denial of his habeas corpus petition. For the reasons that follow, we affirm.
 
 
 2
 * On September 29, 1980, Lonnie Schooley and John Phelps burgled the Western Auto Store in Jackson County Kentucky, loaded their haul, including thirty guns, into Schooley's car, and drove off. Responding to a tip, Trooper Sloane spotted Schooley's car and pulled it over. He observed the pile of guns laying out in plain view. He also discovered at least one gun hidden near the driver's seat, which had been occupied by Schooley.
 
 
 3
 On the same day of his arrest Schooley was charged with and entered a plea of guilty to carrying a concealed deadly weapon in violation of Ky.Rev.Stat.Ann. § 527.020. Subsequently, Schooley was indicted and charged with first degree burglary in violation of Ky.Rev.Stat.Ann. § 511.020. He was convicted by a jury and sentenced.
 
 
 4
 Schooley appealed his conviction to the Kentucky Supreme Court claiming that he was denied due process and that his Fourth Amendment rights were violated. This appeal was denied. Schooley then brought a collateral challenge to his burglary conviction, pursuant to Ky.R.Crim.P. 11.42, on the grounds that he had not received effective assistance of counsel and that the first degree burglary prosecution violated the double jeopardy clause of United States Constitution. The Kentucky Court of Appeals rejected these arguments. Schooley did not appeal to the Kentucky Supreme Court.
 
 
 5
 Schooley later filed a petition for writ of habeas corpus in federal district court, under 28 U.S.C. § 2254, asserting his rights against double jeopardy and to effective assistance of counsel. The district court denied Schooley's petition.
 
 II
 
 6
 Schooley concedes that he did not exhaust his state created remedies because he failed to appeal the denial of his Rule 11.42 motion to the Kentucky Supreme Court. The Commonwealth of Kentucky, however, omitted to raise this defense in the district court, which Schooley characterizes as a waiver. Notwithstanding, under Granbery v. Greer, 481 U.S. 129, 133 (1987) the appellate court is not required to treat the state's failure as an absolute waiver of the claim. Rather, the court should waive the exhaustion requirement and proceed to the merits where, as here, the petitioner raises a federal constitutional claim that lacks merit. Id. at 135.[1] We therefore proceed to the substance of Schooley's double jeopardy argument.
 
 
 7
 In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court announced "that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304. The Court has since added a second prong to the test for cases, such as this one, involving successive prosecutions. Under this second prong, the double jeopardy clause is violated by "any subsequent prosecution in which the government, to establish an essential element of the offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Grady v. Corbin, 108 L.Ed.2d 548, 564 (1990);[2] accord United States v. Evans, 951 F.2d 729, 733 (6th Cir.1991).
 
 
 8
 The key inquiry under Grady then is whether the government used the same conduct for which the defendant was previously convicted to "establish an essential element" of the offense charged in the second prosecution. 109 L.Ed.2d at 564. To satisfy this requirement, the particular conduct must establish the element in its entirety. See Evans, 951 F.2d at 734.
 
 
 9
 In Kentucky, first degree burglary consists of:
 
 
 10
 (1) A person is guilty of burglary in the first degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building or in the immediate flight therefrom, he or another participant in the crime:
 
 
 11
 (a) Is armed with explosives or a deadly weapon; or
 
 
 12
 (b) Causes physical injury to any person who is not a participant in the crime; or
 
 
 13
 (c) Uses or threatens the use of a dangerous instrument against any person who is not a participant in the crime.
 
 
 14
 Ky.Rev.Stat.Ann. § 511020.
 
 
 15
 In contrast, "[a] person is guilty of carrying a concealed deadly weapon when he carries concealed a firearm or other deadly weapon on or about his person." Id. § 527.020(1). Unlike first degree burglary, carrying a concealed deadly weapon requires, tautologically, that the weapon be concealed. Unlike carrying a concealed deadly weapon, first degree burglary is premised upon entering or remaining in a building with the intent to commit a crime therein.
 
 
 16
 It is clear, and apparently uncontested, that Schooley's convictions do not run afoul of the Blockburger test. Thus, under Grady, the Commonwealth violated the double jeopardy clause only if it relied exclusively on the concealed weapons as such to prove that Schooley was armed with a deadly weapon while entering, remaining in, or in immediate flight from the Western Auto Store.
 
 
 17
 Schooley describes the concealed weapon conviction as the cornerstone of the Commonwealth's case, but offers no facts from the record to support his assertion. Furthermore, at the habeas corpus hearing, the Commonwealth introduced evidence, which had been presented at trial, that Schooley's car contained at least thirty unconcealed guns and that these guns, not the concealed gun, were the grounds for the first degree burglary conviction.
 
 
 18
 Even if we confine our inquiry to the concealed gun, we could sustain Schooley's assertion only if the Commonwealth's proof was limited to his possession of the gun while concealed in his car during flight. The record contains no support for this position. Moreover, Schooley claims to have stolen the concealed gun from the Western Auto Store. Hence, he must have possessed it while in the store and while transporting it from the store to his car. This conduct satisfies Kentucky's first degree burglary statute and is not the same conduct as possessing the concealed gun.
 
 
 19
 Affirmed.
 
 
 
 [1]
 The Commonwealth claims that Schooley is procedurally barred from pursuing his habeas petition because he did not appeal the Kentucky Court of Appeals' denial of his Rule 11.42 motion to the Kentucky Supreme Court. It is axiomatic that in order to be procedurally barred, a petitioner must have failed to comply with a state procedural rule. E.g., Coleman v. Thompson, 115 L.Ed.2d 640 (1991). Schooley's failure to appeal can only constitute procedural default if Kentucky had enacted a law requiring Rule 11.42 movants to appeal adverse decisions. The Kentucky legislature has adopted no such rule
 
 
 [2]
 The rule announced in Grady was adopted long after Schooley's conviction became final. As such, he may only invoke Grady on habeas review if it did not announce a new rule. Teague v. Lane, 489 U.S. 288 (1989). Schooley concedes that Grady did set forth a new rule, but argues that it falls under one of the two exceptions to the prohibition on the retroactive application of new rules articulated in Teague. We need not consider whether Grady falls under one of them since even under Grady, the burglary prosecution did not violate the double jeopardy clause