983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph D. CRANE, Petitioner-Appellant,
v.
Carole SHIPLEVY, Supt.; Lee Fisher, Attorney General,
Respondents-Appellees.
 No. 92-3353.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Joseph D. Crane, moves for counsel on appeal from an order of the district court which dismissed, without prejudice, his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January 1975, the Columbiana County, Ohio, jury returned an indictment against petitioner charging him with first degree murder. Petitioner's first trial resulted in a mistrial because the jury could not reach a verdict. Petitioner was tried a second time, was found guilty of first degree murder, and was sentenced to life imprisonment.
 
 
 3
 Petitioner appealed his conviction to the Court of Appeals of Ohio, raising three issues: (1) the trial court erroneously admonished petitioner's counsel and limited counsel's impeachment of the state's principal witness, and erroneously failed to grant petitioner a new trial on this basis; (2) the trial court abused its discretion by failing to grant petitioner a new trial based upon newly discovered evidence; and (3) the trial court erred by excluding testimony as to whether the state's chief witnesses were guilty of murder for their participation in the crime. The Court of Appeals overruled all three assignments of error and affirmed petitioner's conviction. Petitioner, thereafter, filed a motion for leave to appeal the Court of Appeals' decision to the Supreme Court of Ohio, but the Supreme Court overruled petitioner's motion.
 
 
 4
 Thereafter, petitioner filed the instant petition for a writ of habeas corpus raising three grounds for relief: (1) that he was denied the effective assistance of counsel for his defense because the trial judge admonished his counsel and limited his cross-examination of a witness for the state; (2) that he was denied the right to confront witnesses against him because the trial judge sustained a state's objection to a valid question posed by petitioner's attorney on cross-examination of a witness for the state; and (3) that he was denied his right to a fair trial because newly discovered evidence showed that two of the state's witnesses had perjured themselves and that one of the state's witnesses had confessed to the murder. The district court dismissed the petition on the ground that petitioner failed to exhaust available state court remedies with respect to issue three.
 
 
 5
 Upon review, we affirm the district court's order. Petitioner has not exhausted his available state court remedies with respect to issue three above. See Rose v. Lundy, 455 U.S. 509, 522 (1982). State court relief is still available to petitioner. Petitioner may pursue this specific claim by way of a petition for post-conviction relief filed pursuant to Ohio Rev.Code § 2953.21. Petitioner is not barred from litigating the claim in the Ohio courts because evidence outside the record is needed to support the claim. See State v. Cole, 443 N.E.2d 169, 171 (1982) (to still have remedy available under state law and avoid res judicata bar, evidence outside the record must be needed to support claim asserted in petition).
 
 
 6
 Furthermore, no exception exists which would warrant excusing the exhaustion requirement. Petitioner's claim is not patently frivolous. See Haggins v. Warden, Ft. Pillow State Farm, 715 F.2d 1050, 1054-55 (6th Cir.1983), cert. denied, 464 U.S. 1071 (1984). Moreover, his claim is not clearly and effectively determined by the state courts. See Tuggle v. Seabold, 806 F.2d 87, 91 (6th Cir.1986). Finally, petitioner's innocence is not clearly demonstrated by the record. See Olsen v. McFaul, 843 F.2d 918, 932-33 (6th Cir.1988). In the interest of comity and federalism, petitioner should be required to present his claim of the knowing use of perjured testimony to the state court before presenting that claim to the federal courts. See Granberry v. Greer, 481 U.S. 129 (1987).
 
 
 7
 For the foregoing reasons, the motion for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.