993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy G. LOGUE, Petitioner-Appellant,
v.
Ron CHAMPION and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6377.
 United States Court of Appeals, Tenth Circuit.
 May 10, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order of the United States District Court for the District of Oklahoma denying habeas relief sought pursuant to 28 U.S.C. § 2254. Appellant's motion for a certificate of probable cause and motion to proceed in forma pauperis are granted. We affirm for the reasons stated below.
 
 
 3
 Appellant Billy Gene Logue was convicted by the District Court of Garvin County of knowingly concealing stolen property and was sentenced to serve thirty years. The judgment was affirmed by the Court of Criminal Appeals.
 
 
 4
 Appellant filed a petition for a writ of habeas corpus in the federal district court. The district court found that three of the five grounds raised by Appellant had not been clearly presented to the Court of Criminal Appeals on direct appeal, and that Appellant had not pursued state post-conviction remedies. Accordingly, the district court held that Appellant had not exhausted his state remedies as to all of the claims which allowed full and fair consideration by the state court, and dismissed the petition without prejudice.
 
 
 5
 Under 28 U.S.C. § 2254(b) an application for a writ of habeas corpus shall not be granted unless the applicant has exhausted available state remedies. If he has a right under state law to raise the question presented in federal court, the applicant has not exhausted his state remedies. 28 U.S.C. § 2254(c). Although a federal court has discretion to consider the merits of an application even if state remedies have not been exhausted, "there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies...." Granberry v. Green, 481 U.S. 129, 131. The state court must have a meaningful opportunity to hear the claim before it may be brought in a federal habeas proceeding. See Picard v. Connor, 404 U.S. 270, 276.
 
 
 6
 Because the Court of Criminal Appeals in this case did not have a fair opportunity to hear all of the issues raised in this petition, and as noted by the district court, Appellant still has state post-conviction remedies available to him, federal review of his petition for a writ of habeas corpus is denied. See Rose v. Lundy, 455 U.S. 509. Appellant's petition is dismissed without prejudice for failure to exhaust state remedies.
 
 
 7
 Accordingly, the judgment of the District Court for the District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3