912 F.2d 463
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kevin Hans GRIFFIN, Plaintiff-Appellant,
v.
Parker EVATT, Commissioner for the South Carolina Department
of Corrections, Grady A. Wallace, Commissioner for the South
Carolina Parole and Community Corrections, Robert S. Shelly,
Head, Richland County Probation Office, Lorre D. Tankersley,
Richland County Probation Office, Wanda Elkins, Richland
County Probation Office, James P. Hiott, Richland County
Probation Office, Linda Allen, Alston Wilkes Society, Dennis
Dunlap, Alston Wilkes Society of South Carolina, Defendants-Appellees.
 No. 89-7687.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 14, 1990.
Decided Aug. 27, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CA-88-1898)
 Kevin Hans Griffin, appellant pro se.
 Barbara M. Bowens, Elliott D. Thompson, South Carolina Department of Corrections, Columbia, South Carolina, Helen Rudnick Rapoport, South Carolina Department of Probation, Parole & Pardon Service, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kevin Griffin appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983.* Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Griffin v. Evatt, CA-88-1898 (D.S.C. June 12, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 We note that Griffin's challenges to the parole revocation process employed in his case, which call into question the validity of his present confinement, are more properly construed as habeas claims. Although there is no evidence that these claims have been exhausted, because the record reveals that Griffin does not present a colorable claim for relief, we find that the interests of justice are better served by addressing the merits of the claims rather than requiring further state proceedings. Granberry v. Greer, 481 U.S. 129, 134-35 (1987)