921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve BERRY, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 90-5322.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Steve Berry, a Kentucky state prisoner, requests the appointment of counsel on appeal from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Berry was convicted following a jury trial of second degree criminal possession of a forged instrument and being a first degree persistent felony offender; he was sentenced to ten years imprisonment. He raised four issues on his direct appeal to the Kentucky Court of Appeals, which affirmed his conviction. Berry's appointed appellate counsel neglected to inform him of the Court of Appeals' decision, and the time for appealing to the Kentucky Supreme Court passed. A later motion for leave to file a belated appeal was denied.
 
 
 3
 In this petition, Berry raised the same four claims he had argued on his direct appeal, as well as arguing that he had received ineffective assistance from his appellate counsel. The magistrate recommended that the issues be considered on the merits, citing Granberry v. Greer, 481 U.S. 129, 134-35 (1987), because the unexhausted issue of ineffective assistance was meritless. This conclusion was based on the fact that appeal to the Kentucky Supreme Court was discretionary, and did not entitle Berry to effective assistance of counsel. Cf. Ross v. Moffitt, 417 U.S. 600 (1974). After considering the claims on their merits, the magistrate recommended dismissing the petition, which recommendation was adopted by the district court, over Berry's objections.
 
 
 4
 Upon consideration, we affirm the dismissal of this petition for reasons other than those relied on by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Berry has an available remedy in Kentucky state courts pursuant to Ky.R.Crim.P. 11.42 in which to raise his claim of ineffective assistance of appellate counsel. This raises an issue of Kentucky law, which should first be addressed in a state forum. Accordingly, this petition should be dismissed as a mixed petition containing both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 5
 Berry's request for counsel is denied, and the district court's order dismissing this petition is affirmed for the reason stated above. Rule 9(b)(5), Rules of the Sixth Circuit.