928 F.2d 399
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth Jarvis PRESCOTT, Petitioner-Appellant,
v.
Parker EVATT, Commissioner, State of South Carolina, T.
Travis Medlock, Attorney General of the State of
South Carolina, Respondents-Appellees.
 No. 90-7098.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 11, 1990.
Decided March 19, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-89-2781-3-OJ)
 Kenneth Jarvis Prescott, appellant pro se.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 DISMISSED.
 Before SPROUSE, WILKINSON and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth Jarvis Prescott seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court.[1] Prescott v. Evatt, CA-89-2781-3-OJ (D.S.C. Aug. 6, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 [1]
 The district court dismissed Prescott's claim of denial of a Jackson v. Denno, 378 U.S. 368 (1964), hearing on the basis that it was not exhausted in the state courts. If the petition was "mixed" with exhausted and unexhausted claims, it should have been dismissed without prejudice pursuant to Rose v. Lundy, 455 U.S. 509 (1982). However, the claim is subsumed in and shown to have no merit by the district court's discussion of the claim that counsel was ineffective for failing to move for a mistrial based on the denial of the hearing. Therefore, we find that the interests of comity and federalism would not be harmed by deciding the claim on the merits now and we find that it is properly dismissed. See Granberry v. Greer, 481 U.S. 129, 134 (1987)