943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie J. CRAFT Petitioner-Appellant,
v.
Ralph EVITTS, Respondent-Appellee.
 No. 89-5908.
 United States Court of Appeals, Sixth Circuit.
 Sept. 3, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and COHN, District Judge.*
 KEITH, Circuit Judge.
 
 
 1
 Petitioner Willie J. Craft ("petitioner") appealed from the district court's denial of writ of habeas corpus. The panel filed a per curiam opinion reversing and remanding. Ralph Evitts ("respondent") filed a petition for rehearing. For the following reasons, the petition for rehearing is DENIED.
 
 
 2
 Judge Cohn, dissenting from this denial of rehearing, indicates a concern that the cause prong of the cause and prejudice test was not conceded by respondent. Although the panel's decision indicated in a footnote that respondent may have implicitly conceded the cause prong, the panel determined that in fact the cause prong was met for the reasons stated in the text of the panel's decision. Panel opinion at 7-8. A majority of the panel remains convinced that petitioner has satisfied the cause prong, regardless of whether the respondent has conceded it.
 
 
 3
 For the first time in this litigation, respondent contends in his petition for rehearing that the disputed ground for relief, ineffective assistance of counsel, was not properly exhausted in state court. Respondent, relying on Granberry v. Greer, 481 U.S. 129 (1987), argues that the Court should entertain this new argument even though he raised it for the first time after the panel's decision.
 
 
 4
 In Granberry the Supreme Court addressed the failure of a state to raise exhaustion in district court. In the instant case the state not only failed to raise the issue in the district court, but also failed to raise it on appeal until rehearing. The Granberry Court held that exhaustion was not a jurisdictional requirement. It further held that in each case the court of appeals should decide whether comity and judicial efficiency require application of the exhaustion doctrine or whether the court of appeals should address the merits. We find that comity and judicial efficiency do not require exhaustion in the instant case for the following reasons: 1) this case has already been heard and decided; 2) further appeals would leave the petitioner in prison for a considerably longer period after the panel has determined that a writ of habeas corpus is appropriate; and 3) there is no need to determine additional facts or state law prior to resolution of the merits.
 
 
 5
 For the foregoing reasons, the petition for rehearing is DENIED.
 
 
 6
 COHN, District Judge, dissenting.
 
 
 7
 I believe that there may be merit to the warden's petition for rehearing, particularly as to whether he conceded the cause prong of the cause and prejudice analysis and as to whether Craft exhausted his ineffective assistance of counsel claim in state court. Therefore, I would require a response from Craft before ruling on the merits of the petition.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation