956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Anthony BARNES, Petitioner-Appellant,
v.
Michael J. O'DEA, Warden, Eastern Kentucky Correctional
Complex, Respondent-Appellee.
 No. 91-5996.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1992.
 
 1
 Before MILBURN and RYAN, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Michael Anthony Barnes, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellee has notified the court that he will not be filing a brief.
 
 
 3
 Petitioner was originally convicted in 1976 of kidnapping and murder for which he received a twenty-one year sentence of imprisonment. He was released on parole on April 16, 1985, and was released from active supervised parole on August 9, 1988. On July 27, 1989, Barnes was arrested and charged with driving under the influence (DUI), driving without insurance, murder and for being a first degree persistent felony offender. Because of this arrest, Barnes was reinstated to active supervised parole and he remained incarcerated for these charges until he was released on bond on March 16, 1990. He was convicted by a jury of driving under the influence on May 24, 1990, and was fined $500. All the other charges were dismissed. Subsequently, Barnes was arrested as a parole violator and was returned to the custody of the Kentucky Corrections Cabinet to serve the remainder of his twenty-one year sentence.
 
 
 4
 Barnes filed a habeas petition in the state court alleging that his parole revocation was contrary to the guidelines set forth by the Kentucky Corrections Cabinet and that his sentence was not properly credited with the seven months he served in prison while awaiting his trial on the DUI charge. The Kentucky Circuit Court summarily dismissed the habeas petition and the Kentucky Court of Appeals affirmed the circuit court's order. The Kentucky Supreme Court denied discretionary review.
 
 
 5
 Thereafter, Barnes filed his habeas petition in the federal district court alleging three grounds for relief. He alleged that his constitutional rights were violated because: 1) he completed serving his twenty-one year sentence prior to his arrest for the DUI charge or, in the alternative, that he should be given credit towards his twenty-one year sentence for the seven months he served in jail awaiting trial on the DUI charges; 2) that he was reinstated to active parole supervision without a hearing and in violation of the Kentucky Corrections Cabinet's policy and procedures; and 3) his DUI conviction and the $500 fine are an insufficient basis to revoke his parole. Respondent does not contest that Barnes exhausted his state court remedies.
 
 
 6
 The magistrate judge found that Barnes had only exhausted his state court remedies as to one issue. Nonetheless, he addressed all the issues raised by Barnes on the merits because the respondent did not contest exhaustion. Thereupon, the magistrate judge recommended dismissing Barnes's petition as meritless. After de novo review in light of Barnes's objections, the district court judge adopted the report and recommendation of the magistrate judge and dismissed the petition.
 
 
 7
 On appeal, Barnes raises his first two issues asserted in the district court, and abandons his third issue where he claimed that his DUI conviction was an insufficient basis for revoking his parole. Barnes has filed two motions requesting leave to proceed in forma pauperis and the appointment of counsel.
 
 
 8
 Upon review, we affirm the district court's order. The matters raised by Barnes in his habeas petition are matters of state law which are not cognizable in a federal habeas corpus proceeding. See Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988); Martin v. Solem, 801 F.2d 324, 331 (8th Cir.1986). Therefore, the district court properly dismissed his petition.
 
 
 9
 In addition, Barnes has abandoned his claim that his DUI conviction was an insufficient basis for revoking his parole. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 10
 Finally, it appears that Barnes has failed to exhaust his state court remedies as to all the issues raised. Because the grounds for relief stated in his brief concern matters of state law, even if the court were to conclude that petitioner had raised an issue of constitutional magnitude, his petition would still be subject to dismissal for lack of complete exhaustion of state court remedies. The exception to the exhaustion doctrine stated in Granberry v. Greer, 481 U.S. 129, 134-35 (1987), does not apply because it is in the interest of federalism and comity to have Barnes's state claims adjudicated in the Kentucky state courts.
 
 
 11
 Accordingly, his motion to proceed in forma pauperis is granted, but his motion for the appointment of counsel is denied. The district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation