959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy W. HAMILTON, Petitioner-Appellant,
v.
Harry K. RUSSELL, Respondent-Appellee.
 No. 91-3980.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Roy Hamilton appeals the district court's order dismissing his 28 U.S.C. § 2254 state petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, appellant's brief, and the respondent's letter advising that he will not file a brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hamilton was charged with various crimes under two indictments. In Case No. CR-195043, he was indicted on four counts under Ohio Rev.Code § 2925.03 and one count under Ohio Rev.Code § 2925.11 for various drug-related offenses, and on one count of possessing a weapon while under a disability, in violation of Ohio Rev.Code § 2923.13. Each of the drug charges carried two specifications based upon prior convictions of violent crimes. In Case No. CR-195201, Hamilton was charged with two drug offenses, in violation of Ohio Rev.Code § 2925.03. Each count carried three specifications of prior convictions of violent crimes.
 
 
 3
 At his change of plea proceedings, Hamilton advised the court that there were errors in the specifications in Case No. CR-195201 regarding the nature and dates of certain prior convictions. The trial court determined that he was correct, and immediately amended the specifications of the indictments to accurately reflect the prior convictions. Thereafter, Hamilton was sentenced in Case No. CR-195043 to five to fifteen years on the second count, three to five years on the fifth count, and five to fifteen years on the seventh count, to run consecutively. In Case No. CR-195201, he was sentenced to five to fifteen years, to run consecutive to the sentences imposed in Case No. CR-195043. The Ohio Eighth District Court of Appeals eventually ordered resentencing with the result that Hamilton received an eight to fifteen year sentence. He is currently serving that sentence.
 
 
 4
 Hamilton claimed that his guilty plea was not knowingly, intelligently and voluntarily entered, and that he was denied due process of law during the plea proceedings when the trial court accepted his involuntarily entered guilty plea to an amended indictment and then entered a sentence which was improperly enhanced. Based on a magistrate judge's report, the district court decided that Hamilton failed to exhaust his claims in the state courts. Nevertheless, the court dismissed the petition after finding it meritless as the respondent failed to raise the issue of non-exhaustion and deferral to the state courts would be futile and contrary to principles of judicial economy. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Cain v. Redman, 947 F.2d 817, 820 (6th Cir.1991), cert. denied, --- U.S. ---- (1992). The court decided that Hamilton's guilty plea was knowingly, voluntarily and intelligently entered with full knowledge of the nature of the offenses and the consequences of his guilty plea, see Brady v. United States, 397 U.S. 742, 747 (1970), and there was no due process deprivation in the plea proceedings.
 
 
 5
 Hamilton raises the same argument on appeal. Attorney Paul Mancino has filed a motion to extend appointment of counsel on appeal.
 
 
 6
 Upon review, we affirm the district court's order for the reasons stated in the Magistrate's Judge's Report and Recommendation dated July 28, 1988, and the district court's order entered September 18, 1991. Rule 9(b)(3), Rules of the Sixth Circuit. The motion to extend appointment of counsel is denied.