Kathy L. KAUL, Plaintiff,

v.

George **WAHQUAHBOSHKUK,** Luther **Wahwasuck,** Grace **Wahwasuck,** Ralph **Tecumseh,** Gary **Mitchell,** and Alberta **Wamego,** Defendants.

No. 93–4134–SAC.

United States District Court, D. Kansas.

Nov. 23, 1993.

---

**3.** We do not reach the other issues raised in   defendants' motion for reconsideration.

Pantaleon Florez, Jr., Florez & Frost, P.A., Topeka, KS, for plaintiff.

C. Bruce Works, Works, Works & Works, P.A., Topeka, KS, Robert L Pirtle, Pirtle, Morisset, Schlosser & Ayer, Seattle, WA, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendants' motion to dismiss. (Dk. 5). The plaintiff is a Citizen Band Potawatomi Indian. She is the owner and operator of the "Indian Country General Store" located on the Prairie Band of Potawatomi Indian ("Prairie Band") Reservation in Jackson County, Kansas. The plaintiff also resides on the Prairie Band Reservation. The defendants are the six members of the Tribal Council of the Prairie Band. The plaintiff alleges the defendants exceeded their jurisdiction and authority on June 13, 1991, when they removed the driveway to the plaintiff's store with the intent of ending her business. The plaintiff contends the defendants acted in violation of the Prairie Band's Constitution and deprived her of the following rights under the United States Constitution: due process of law, equal protection of the law, and equal privileges and immunities under law. The plaintiff does not allege that she has pursued any remedies available in tribal court for the defendants' actions.

The defendants seek dismissal on two grounds. As a matter of federal comity, the district court should refrain from exercising jurisdiction over matters that can be litigated in a tribal court having jurisdiction over the parties and the issues. Second, the Prairie Band and its officials enjoy sovereign immunity from suit in federal court. In opposition, the plaintiff disputes the tribal court's jurisdiction over her and over the matters pending before it. The plaintiff also contends that sovereign immunity is not available to the defendants as they are being sued in their individual, not official, capacity.

According to the defendants, from the store's beginning to now, the plaintiff has refused to apply for a tribal business license, to pay tribal taxes, or to recognize the Prairie Band Tribal Council's jurisdiction over her business activities on the reservation. The Prairie Band has brought an action pending in tribal court, the District Court of the Prairie Band Potawatomi, against Kathy Kaul for her failure to have a tribal business license and to pay tribal taxes. *Prairie Band of Potawatomi Indians of Kansas v.*

*Kathy Kaul,* Civil No. 92–101. In this litigation, Kathy Kaul's position is that her business is not subject to tribal authority because the Prairie Band Potawatomi Constitution precludes exercising jurisdiction over those who are not members of the tribe. The tribal judge recently held in an order filed July 19, 1992, that the "Prairie Band Potawatomi Constitution does not prohibit the exercise of jurisdiction over non-members." The tribal council recently appointed three appellant judges for the apparent purpose to hear the plaintiff's appeal from this district tribal court order.

Neither side has stated whether Kathy Kaul has counterclaimed in the pending tribal court suit for the relief she now seeks in federal court. More importantly, Kathy Kaul does not allege that she has exhausted her tribal court remedies for the defendants' actions in removing the driveway to her business located on the reservation.

▮ The defendants' first argument for dismissal employs a rule that has become known as the rule of "tribal exhaustion." *See Altheimer & Gray v. Sioux Mfg. Corp.,* 983 F.2d 803, 812 (7th Cir.1993), *petition for cert. filed,* 62 U.S.L.W. 325 (U.S. Sept. 17, 1993) (No. 93–452). "[A]s a matter of comity, a federal court should not exercise jurisdiction over cases arising under its federal question or diversity jurisdiction, if those cases are also subject to tribal jurisdiction, until the parties have exhausted their tribal remedies." *Tillett v. Lujan,* 931 F.2d 636, 640 (10th Cir.1991) (citations omitted). The federal courts created this rule "because of Congress's 'strong interest in promoting tribal sovereignty, including the development of tribal courts.'" *Texaco, Inc. v. Peterson Zah,* 5 F.3d 1374, 1376 (10th Cir.1993) (quoting *Smith v. Moffett,* 947 F.2d 442, 444 (10th Cir.1991). "Tribal courts play a vital role in tribal self-government, (citation omitted), and the Federal Government has consistently encouraged their development." *Iowa Mutual Ins. Co. v. LaPlante,* 480 U.S. 9, 14–15, 107 S.Ct. 971, 975–976, 94 L.Ed.2d 10 (1987) (footnote omitted). The exhaustion rule also serves "the orderly administration of justice

in the federal court" and offers the tribal court's expertise to the federal court in the event of judicial review. *National Farmers Union Ins. Co. v. Crow Tribe of Indians,* 471 U.S. 845, 856, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985).

▮ The tribal jurisdiction rule does not limit a federal court's subject-matter jurisdiction but functions as a matter of comity in much the same way as the abstention principles enunciated in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *LaPlante,* 480 U.S. at 16 n. 8, 107 S.Ct. at 976 n. 8. Relying on dictum from *Granberry v. Greer,* 481 U.S. 129, 130, 107 S.Ct. 1671, 1673, 95 L.Ed.2d 119 (1987), the Tenth Circuit observed, however, that the federal-tribal comity required a "heightened sensitivity to tribal sovereignty." *Smith v. Moffett,* 947 F.2d at 445. Comity considerations retain their force even when the suit pending in federal court has not been commenced in tribal court. *Id.* at 444. Consequently, the plaintiff is not able to escape the exhaustion doctrine by sitting on her tribal remedies.

[4] The policies behind federal-tribal comity "almost always dictate" exhaustion of tribal remedies when the activities at issue occur on the reservation. *Texaco, Inc.,* 5 F.3d at 1378. "Thus, we have characterized the tribal exhaustion rule as ' "an inflexible bar to consideration of the merits of the petition by the federal court." ' " *Id.* (quoting *Smith,* 947 F.2d at 445 (quoting *Granberry v. Greer,* 481 U.S. 129, 131, 107 S.Ct. 1671, 1673, 95 L.Ed.2d 119 (1987))). Indeed, the Supreme Court created a presumption that tribal courts have jurisdiction over activities on reservation lands "unless affirmatively limited by a specific treaty provision or federal statute." *Iowa Mutual,* 480 U.S. at 18, 107 S.Ct. at 977. The courts have found no indication of congressional intent to limit tribal court jurisdiction in the diversity jurisdiction statute, 28 U.S.C. § 1332, or the federal question jurisdiction statute, 28 U.S.C. § 1331, *Iowa Mutual,* 480 U.S. at 17, 107 S.Ct. at 977, or the federal civil rights jurisdiction statute, *Smith,* 947 F.2d at 444.[1] The

---

**1.** Besides §§ 1331 and 1343, the plaintiff alleges

subject matter jurisdiction pursuant to 28 U.S.C.

court finds nothing in the different federal court jurisdictional statutes cited by the plaintiff to rebut the presumption of jurisdiction in tribal court.

■ The plaintiff's principal argument against the tribal exhaustion rule is that the Prairie Band's Constitution does not give the tribe and, therefore, the tribal court jurisdiction over her. The Supreme Court rejected such an argument in *National Farmers* holding that the determination whether tribal courts have jurisdiction over non-Indians in civil cases "should be conducted in the first instance in the Tribal court itself." 471 U.S. at 856, 105 S.Ct. at 2454; *see also Texaco, Inc.,* 5 F.3d at 1376. The Supreme Court also recognized three exceptions to this rule: [1] "where an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,' *cf. Juidice v. Vail,* 430 U.S. 327, 338 [97 S.Ct. 1211, 1218, 51 L.Ed.2d 376] (1977), or [2] where the action is patently violative of express jurisdictional prohibitions, or [3] where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *National Farmers,* 471 U.S. at 856 n. 21, 105 S.Ct. at 2454 n. 21. The court will address the latter two exceptions for the plaintiff does not allege any bad faith or intent to harass on the part of the defendants.

■ The plaintiff insists she is without a tribal court forum to pursue her claims through conclusion, including appellate review. The plaintiff, however, has not attempted to adjudicate in tribal court. " 'Speculative futility is not enough to justify federal jurisdiction.' " *Bank of Oklahoma v. Muscogee (Creek) Nation,* 972 F.2d 1166, 1170 (10th Cir.1992) (quoting *White v. Pueblo of San Juan,* 728 F.2d 1307, 1313 (10th Cir. 1984)). The blanket denial of jurisdiction is

not a substitute for an actual attempt to adjudicate. *Id.* Moreover, it appears the Prairie Band's judicial system affords appellate review.

■ The plaintiff fails to show that the Prairie Band tribal court's assertion of jurisdiction over her claims would be patently violative of an express prohibition.[2] In fact, the parties' dispute over the interpretation of the Prairie Band Constitution and over the application of ordinances subsequently interpreting the constitutional provisions evidences that tribal court jurisdiction here does not patently, but at best only arguably, violates the tribe's constitution. The court is not persuaded that the plaintiff should be excused from the exhaustion rule.

The plaintiff does not articulate any compelling prudential concerns for staying this action rather than dismissing it on comity grounds. Because the plaintiff has not started to exhaust her tribal remedies and because the case entails more than the issue of tribal court jurisdiction, the better course is to dismiss the plaintiff's suit so that she can pursue her tribal remedies.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (Dk. 5) is granted for the reasons stated above.

---

§§ 1337, 1360, and 2201. The plaintiff does not argue that any of these sections constitute a significant intrusion on tribal sovereignty or manifest a congressional intent to limit tribal sovereignty. Nor does the plaintiff contend that Congress expressed its intent in these statutes to limit the civil jurisdiction of the tribal courts. *Cf. Iowa Mutual,* 480 U.S. at 17–18, 107 S.Ct. at 977–978. In addition, § 2201 does not confer jurisdiction where none otherwise exists. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667,

671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950).

2. "[T]ribal courts are appropriate forums for the exclusive adjudication of disputes over transactions taking place within the boundaries of a reservation." *U.S. v. Plainbull,* 957 F.2d 724, 727 (9th Cir.1992) (citing *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 65, 98 S.Ct. 1670, 1680, 56 L.Ed.2d 106 (1978)).