16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Benjamin Len BULLOCK, Petitioner-Appellant,
v.
Raymond G. TOOMBS, Respondent-Appellee.
 No. 93-1841.
 United States Court of Appeals, Sixth Circuit.
 Jan. 20, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Benjamin Len Bullock, a pro se Michigan state prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bullock entered a guilty plea to being a prisoner in possession of a weapon and was sentenced to two and one half to five years of imprisonment consecutive to the sentences he was already serving. He appealed to the Michigan Court of Appeals, arguing that resentencing was required because the trial court allegedly failed to resolve his objection to the presentence report and to articulate the criteria considered in imposing sentence. The Michigan Court of Appeals affirmed, and the Michigan Supreme Court denied leave to appeal. Bullock also moved the trial court for resentencing, arguing that the failure to resolve his objection to the presentence report deprived him of due process. That motion was denied, and Bullock failed to properly appeal the denial.
 
 
 3
 In this habeas petition, Bullock raised, in the exact same words, the two issues he had raised on direct appeal in the Michigan courts. The case was referred to a magistrate judge, who recommended that the petition be dismissed for failure to exhaust the claims in the state courts as federal constitutional questions. The district court adopted this recommendation over Bullock's objections and dismissed the petition. This appeal followed.
 
 
 4
 Upon review, we affirm on a ground other than that relied on by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Exhaustion of state court remedies is not required of issues that are plainly meritless, such as those which do not raise a federal claim. See Granberry v. Greer, 481 U.S. 129, 135 (1987). Based on the petition in this case, Bullock is relying on state law for his arguments that the sentencing judge was required to resolve his objection to the presentence report and to articulate the criteria considered in imposing sentence. However, the failure of a state to follow its own law is not a basis for federal habeas relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). A petition for federal habeas relief must raise a violation of the Federal Constitution or a federal statute, or an error so fundamentally unfair or unjust as to violate due process. See Pulley v. Harris, 465 U.S. 37, 41-42 (1984). In Pulley, the Supreme Court rejected the argument that the state's alleged failure to apply its own proportionality analysis in a death sentence case was a basis for federal habeas relief. Bullock's objections to the sentencing procedure in his case similarly do not warrant federal habeas review.
 
 
 5
 Accordingly, the dismissal of this petition is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.