30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Nave CHAPMAN, Petitioner-Appellant,
v.
Dareld L. KERBY, Warden; Attorney General For the State of
New Mexico, Respondents-Appellees.
 No. 93-2138.
 United States Court of Appeals, Tenth Circuit.
 July 22, 1994.
 
 Before BALDOCK, SETH, and McWILLIAMS, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner appeals the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. 2254. We have jurisdiction under 28 U.S.C. 1291.
 
 
 2
 Petitioner presented the following issues below: (1) his pretrial and trial counsel were ineffective, (2) the trial court's failure to instruct the jury that dangerousness is an element of felony murder deprived him of his right to due process, and (3) based on the New Mexico Supreme Court's holding in State v. Ortega, 817 P.2d 1196 (1991), the trial court's failure to instruct the jury that intent to kill is an element of felony murder deprived him of his right to due process. In their answer, Respondents conceded that Petitioner had exhausted the first two issues. However, Respondents failed to address the issue of whether Petitioner had properly exhausted his third claim--i.e., the Ortega issue. This oversight on the part of Respondents is presumably due to the fact that Petitioner did not raise the Ortega issue until after Respondents had already answered.[2] In any event, the district court addressed the merits of each claim and dismissed the petition with prejudice.
 
 
 3
 On appeal, Petitioner contends the district court erred in finding his claims lacked merit. Respondents claim, inter alia, Petitioner has failed to exhaust the Ortega issue.
 
 
 4
 We hold the district court erred in addressing the merits of Petitioner's claims. Petitioner has properly exhausted his first and second issues. However, contrary to Petitioner's assertion, we conclude Petitioner has never properly raised the Ortega issue in the New Mexico state courts. Thus, the petition is a mixed petition and is subject to dismissal for failure to exhaust, see Rose v. Lundy, 455 U.S. 509, 510, (1982), unless the interests of comity and federalism would be served by deeming the state's failure to raise the exhaustion defense below a waiver of that defense. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987) (state's failure to raise exhaustion defense operates as a waiver when interests of comity and federalism would be better served by addressing the merits as opposed to requiring exhaustion). Given that Respondents' failure to raise the defense below was inadvertent, and given that the Ortega issue presents a new and unresolved question of state law, we conclude the interests of comity and federalism would be best served by insisting that Petitioner present the Ortega issue in the first instance to the New Mexico state courts. Consequently, we hold the petition must be dismissed for failure to exhaust.
 
 
 5
 REVERSED and REMANDED with instructions to dismiss the petition without prejudice.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The New Mexico Supreme Court did not issue its opinion in Ortega until after Petitioner submitted his opening brief