66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Ray JENKINS, Petitioner-Appellant,
v.
STATE of Kansas, Don L. Scott, (NFN) Wilson, (NFN) Olson,
Respondents-Appellees.
 No. 94-3425.
(D.C.No. 94-CV-3437).
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 LOGAN
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant petitioner Anthony Ray Jenkins' application for a certificate of probable cause and his motion to be allowed to proceed on appeal in forma pauperis in order to reach the merits of his claims.
 
 
 2
 Petitioner was convicted in state court of possession of marijuana and possession of cocaine. His conviction was affirmed on appeal by the Kansas Court of Appeals and the Kansas Supreme Court denied review. The Kansas Court of Appeals treated his appeal as presenting a single issue, whether there was an invalid warrantless arrest of the petitioner that required suppression of the marijuana and cocaine obtained in a search incident to that arrest.
 
 
 3
 In his petition for a writ of habeas corpus in federal court petitioner raises not only the lawfulness of the arrest and subsequent search but also the following: double jeopardy (although there was only a single legal proceeding arising out of this arrest), a hearsay violation (without any recital of what constituted the hearsay), Sixth Amendment violations of his right to a speedy trial, to have compulsory process for obtaining witnesses in his favor, and the assistance of counsel (the only factual assertion is that "I had no accuser in a court of law but the state is still holding me in prison"), Thirteenth Amendment violation (his punishment makes him a slave), a Fourteenth Amendment violation (citing the Privileges and Immunities Clause, due process, and equal protection--the only factual assertion being that "because I did not exhaust state remedies now the Supreme Court has recalled the mandate of the Court of Appeals and the state must make good on this bond and relieve me from prison or be denying me equal protection of the law from all the courts"), and national government supremacy (an apparent reference to the Supremacy Clause, arguing that state law conflicts with national law in some manner unspecified, except he argues state law keeps him from confronting the witnesses against him).
 
 
 4
 The factual basis of the reference to the Kansas Supreme Court's stay is not apparent from the record in this case. But this prisoner has filed thirty appeals, most of them related, in this court in a span of nine months (we dispose of ten this day). We can take judicial notice of the records of official state court proceedings. In a related appeal it appears that this petitioner challenged the constitutional adequacy of his attorney's representation in the initial state court appeal. When that attorney sought to be relieved as counsel, the Kansas Supreme Court entered such an order and stayed the mandate of the court of appeals (which had affirmed petitioner's convictions) until new counsel could review the materials and make appropriate presentations to the Supreme Court. Thereafter, the Kansas Supreme Court denied review without comment, thus apparently rejecting the constitutional inadequacy argument made by petitioner.
 
 
 5
 After commenting correctly that Stone v. Powell, 428 U.S. 465 (1976), barred the federal court from granting relief on an unconstitutional search and seizure issue fully adjudicated in state court, as this was, the district court in the instant case dismissed the petition without prejudice for failure to exhaust his state court remedies. This order apparently was entered before the Kansas Supreme Court denied review of the Kansas Court of Appeals decision. Because we now know of that denial the claim involving the allegedly unlawful arrest and subsequent search has been exhausted. We could uphold the district court's dismissal on ground that the other issues cited above, raised by the petitioner, should first be presented in state court postconviction proceedings. But when it is clear that the claims are totally without merit the federal court does not have to require state court exhaustion before denying relief. See Granberry v. Greer, 481 U.S. 129, 135 (1987); Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992).
 
 
 6
 The one issue of substance petitioner raises is the suppression question resulting from the search of petitioner incident to his arrest. The district court correctly held that this issue was litigated extensively in state court and that Stone v. Powell prevents its reexamination. The other issues raised by petitioner are wholly meritless. He makes no factual contentions as to how double jeopardy could be involved in the convictions at issue in this habeas case, or how he was denied a speedy trial, counsel, or witnesses. He makes no factual allegations relating to the Privileges and Immunities Clause, Due Process, or Equal Protection. His claim that he is enslaved in violation of the Thirteenth Amendment is wholly frivolous. He identifies no conflict between state law and federal law in violation of the Supremacy Clause. His hearsay objection is based on a cited Kansas statute, a state law matter; he does not identify what the hearsay was or how it may have affected the fairness of his trial.
 
 
 7
 Petitioner's brief on appeal raises a number of equally fractious arguments, but issues not directed to the validity of the state convictions for marijuana and cocaine possession. Rather his brief speaks of unrelated state court cases--a child in need of care case and petitioner's conviction for abuse of his child--proceedings we treat in others of his appeals.
 
 
 8
 For the reasons stated, we AFFIRM the district court's judgment of dismissal but order that the dismissal be with prejudice.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470