

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-1997

# Lambert v. Blackwell

Precedential or Non-Precedential:

Docket 97-1281,97-1283,97-1287

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Lambert v. Blackwell" (1997). *1997 Decisions.* Paper 284.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 26, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 97-1281, 97-1283 and 97-1287

LISA MICHELLE LAMBERT

v.

CHARLOTTE BLACKWELL, MRS., SUPERINTENDENT;
THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA,

      Appellants

Present: SLOVITER, Chief Judge,
BECKER, STAPLETON, MANSMANN, GREENBERG,
SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS,
MCKEE and ALARCON,* Circuit Judges.

SUR PETITION FOR REHEARING
(Filed: January 26, 1998)

The petition for rehearing filed by appellee in the above
entitled case having been submitted to the judges who
participated in the decision of this court and to all other
available circuit judges of the circuit in regular active
service, and no judge who concurred in the decision having
asked for rehearing, and a majority of the circuit judges of
the circuit in regular active service not having voted for
rehearing by the court in banc, the petition for rehearing is
denied. Judges Nygaard, Roth, Lewis and McKee would
have granted rehearing. Attached is Judge Roth's Opinion
Sur Denial in which Judges Nygaard, Lewis and McKee
join.

_____

*Senior Circuit Judge Alarcon voted only as to panel rehearing.

BY THE COURT,

/s/ Carol Los Mansmann

Circuit Judge

2

Opinion Sur Denial of the Petition for Rehearing

ROTH, Circuit Judge,

I voted for rehearing in banc because I am profoundly
disturbed by the panel's refusal to consider the merits of
Lisa Michelle Lambert's petition for a writ of habeas corpus
and by the panel's decision to vacate the judgment of the
district court and to remand the case with instructions to
dismiss Lambert's petition. I am familiar with the merits of
the habeas proceeding from reading large portions of the
transcript of the proceedings before the district court. As a
result, I am aware of the evidence of prosecutorial
misconduct that occurred during Lambert's original trial. I
find it to be truly shocking. This misconduct included
suppression of key evidence, witness tampering, provision
of false testimony, and other flagrant violations of Lambert's
right to due process.

Once the district court had made factual findings
regarding the extent of prosecutorial misconduct, findings
that critically undermined the validity of the original verdict
against Lambert, I find it to be a miscarriage of justice for
this Court to turn its back upon the merits of her petition.

Moreover, I differ with the panel's conclusion that a
failure to exhaust was not excused by the facts of this case.
I find sufficient the district court's determination that the
Commonwealth had waived any exhaustion argument. This
finding of waiver was made on April 16, 1997, after the
Lancaster County Prosecutor conceded on the record that
relief was warranted. The district judge, who was present to
assess the statements and the demeanor of the prosecutor,
found that the Commonwealth's later attempt to retract the
concession was ineffective. Nevertheless, the panel's opinion
concludes that the district court erred in finding waiver
because of the circumstances in which the concession was
made. Panel Opinion at ___ [typescript at 32 n.28].
Because, however, the panel so carefully avoids any
consideration of the merits of the case, its opinion fails to
note that the Commonwealth's concession was made in the
aftermath of the shocking recollection by the victim's
mother, Hazel Show, that she had been encouraged by a
Lancaster County police officer to suppress critical

3

information that corroborated Lambert's account of the events surrounding the murder of Laurie Show.

Indeed, even if the district court were to have erred in reaching the issue of actual innocence, once there has been a demonstration of a miscarriage of justice, such as I find here, I cannot turn my back on that showing.

Moreover, even if I were to disregard the Commonwealth's concession that relief was warranted, I believe that proof of a miscarriage of justice to the extent uncovered in this case requires a determination that the issue of exhaustion has been waived. In Granberry v. Greer, a unanimous Court established that "if a full trial has been held in the district court and it is evident that a miscarriage of justice has occurred, it may also be appropriate for the court of appeals to hold that the inexhaustion defense has been waived in order to avoid unnecessary delay in granting relief that is plainly warranted." 481 U.S. 129, 135 (1987).

I do not agree that the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) has eroded the Court's holding in Granberry. I do not agree that, once such a demonstration of injustice has been placed on the record, we can turn our backs on it under the excuse of AEDPA.

Given the degree of misconduct uncovered during the fourteen days of testimony before the district court, this is unquestionably a case in which the interests of justice demand that the exhaustion requirement be waived.

I will make no statement regarding the propriety of the extent of the relief ordered by the district court. However, I find it impossible to conclude that a habeas petitioner, who has proven by clear and convincing evidence that she has suffered a miscarriage of justice, must return to a prison cell to start her petitions all over again. For the above reasons, I believe that the panel should have reviewed on the merits the district court's granting of the petition for habeas corpus.

Judges Nygaard, Lewis and McKee join in this Opinion.

4

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

5