**F I L E D**

**UNITED STATES COURT OF APPEALS**

MAR 21 2000

**TENTH CIRCUIT**

HENRY L. RUDOLPH,

      Petitioner-Appellant,

v.

HANK GALETKA,

      Respondent-Appellee.

No. 99-4207
(D.C. No. 99-CV-371)
(Utah)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Henry Rudolph appeals the dismissal of his petition for habeas corpus under 28 U.S.C. § 2254, and requests a certificate of appealability from this court. We grant the certificate and reverse and remand.

Mr. Rudolph was convicted of aggravated burglary and violation of a protective order in Utah district court. After his convictions were affirmed by the Utah Supreme Court on direct appeal, *see State v. Rudolph*, 970 P.2d 1221 (Utah 1998), he filed the present habeas petition alleging twelve constitutional violations. The magistrate judge concluded that five of these claims had not been presented to the state court and that under *Rose v. Lundy*, 455 U.S. 509, 510 (1982), the mixed petition "must be dismissed without prejudice." App., vol. I, Report and Recommendation at 2. The district court adopted the recommendation, reiterating that the petition "must" be dismissed. *Id.*, Order filed Aug. 10, 1999, at 1. The district court dismissed Mr. Rudolph's petition without prejudice, instructing him that he could refile his federal petition including only his exhausted claims, or he could seek review of the unexhausted claims in state court under Utah R. Civ. P. 65B(b). Mr. Rudolph appeals this decision, arguing that the unexhausted claims should be addressed on the merits because he only failed to bring those claims on direct appeal due to the ineffective assistance of his appellate counsel.

Both the district court and the magistrate judge relied on *Rose* for the proposition that petitions including exhausted and unexhausted claims for relief must be dismissed without prejudice. *See Rose*, 455 U.S. at 520 (holding district court should dismiss mixed habeas petitions which raise claims unexhausted in state court). *Rose* was superseded by statute, however, upon the passage of the Anti-Effective Death Penalty and Anti-terrorism Act (AEDPA), codified in relevant part at 28 U.S.C. § 2254(b)(2). Section 2254(b)(2) states that "[a]n application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." This section allows federal district courts entertaining habeas petitions which contain unexhausted claims to address those claims if they can be decided on their merits against the petitioner.[1]

This court has held that section 2254(b)(2) is a codification of the holding in *Granberry v. Greer*, 481 U.S. 129 (1987), under which a federal court that is "'convinced that the petition has no merit'" may deny the petition on the merits rather than apply the exhaustion rule. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir. 1997) (quoting *Granberry*, 481 U.S. at 134). Similarly, the Supreme Court has indicated that when an unexhausted claim is "easily resolvable against

---

[1] Mr. Rudolph filed this § 2254 petition in the United States District Court in Utah on May 27, 1999, after the April 24, 1996 effective date of AEDPA. Thus, we apply the provisions of § 2254 as amended by AEDPA.

-3-

the habeas petitioner," the district court may apply section 2254(b)(2) and deny the claim on the merits. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). Thus, under section 2254(b)(2), where the district court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the defendant, the court may reach the merits of the claim rather than dismiss the petition.

Neither the magistrate judge nor the district court indicated an awareness of the district court's discretion under section 2254(b)(2) to determine whether the unexhausted claims are easily resolvable against Mr. Rudolph and, if so, to address the exhausted claims without the necessity of dismissing the petition under *Rose v. Lundy*.

Accordingly, we **GRANT** Mr. Rudolph's certificate of appealability, **REVERSE** the order of the district court, and **REMAND** for further consideration.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-