19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael T. WHITE, Petitioner-Appellant,
v.
Arthur TATE, Jr., Respondent-Appellee.
 No. 93-4158.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Michael White, a pro se Ohio prisoner, appeals a district court order dismissing, without prejudice, his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. He has also filed a motion for miscellaneous relief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1984, a jury convicted White of one count of aggravated burglary, two counts of aggravated robbery and one count of felonious assault, each count containing a firearm specification. He was sentenced to 15 to 25 years in prison plus 3 years of actual incarceration for each of the firearm specifications attached to the aggravated burglary and felonious assault counts, to be served consecutively to each other and to the sentences imposed for the aggravated burglary and felonious assault convictions. In his present habeas petition, White raises five grounds for relief, claiming in ground one that he was denied a speedy trial, in grounds two and three that he was denied the effective assistance of appellate counsel, and in grounds four and five that there were certain specified errors committed in state post-conviction proceedings. The petition was dismissed for the failure to exhaust the ineffective assistance of appellate counsel claim.
 
 
 4
 Upon review, we conclude that the record demonstrates that White did not fairly present his ineffective assistance of appellate counsel claim to the appellate courts of Ohio and that he still has an available state court remedy to pursue his claim. See Rose v. Lundy, 455 U.S. 509, 518-20 (1982). White cannot seek relief by filing a post-conviction petition; however, he may still obtain state court review of his ineffective assistance of appellate counsel claim by seeking a delayed motion for reconsideration in the Ohio Court of Appeals or a delayed appeal in the Ohio Supreme Court. See State v. Murnahan, 584 N.E.2d 1204, 1208-09 (Ohio 1992). Enforcing the exhaustion requirement is proper under the circumstances of this case. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).
 
 
 5
 Accordingly, the motion for miscellaneous relief is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting be designation