37 F.3d 1495
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Dale STAUFFER, Petitioner-Appellant,
v.
Ari ZAVARIS, Director, Colorado Department of Corrections,
Respondent-Appellee.
 No. 93-1358.
 United States Court of Appeals, Tenth Circuit.
 Sept. 29, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BARRETT and LOGAN, Circuit Judges, and RUSSELL,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner John Dale Stauffer, an attorney, was convicted in Colorado state court of possession of cocaine following a jury trial. That conviction was upheld on appeal. People v. Stauffer, No. 88CA0795 (Colo. Ct.App. Nov.27, 1992) (unpublished), cert. denied, No. 93SC102 (Colo. July 12, 1993). Petitioner then filed a petition for habeas relief in federal court under 28 U.S.C. 2254. The district court denied the petition, and he has appealed.
 
 
 4
 Petitioner maintains he is entitled to relief because, he says, (1) he was arrested without probable cause, (2) he was interrogated before receiving a Miranda warning, (3) evidence obtained during the warrantless search of his automobile should have been suppressed, (4) his father should have been paid interest on the bail bond he posted for petitioner, (5) petitioner's sentence is excessive for a first felony conviction, (6) his state court trial counsel was ineffective, (7) the state destroyed exculpatory evidence, and (8) his federal habeas counsel was ineffective. Petitioner also complains that the Colorado Court of Appeals improperly denied his requests for oral argument and to supplement the record in that court. The theme underlying petitioner's voluminous briefs, attachments, and exhibits is that his trial was fundamentally unfair.
 
 
 5
 * Petitioner was arrested on August 31, 1987. Jack Diagliani, a Fort Collins, Colorado police officer, stopped to investigate a Volvo automobile parked on the shoulder of Interstate 25. Officer Diagliani saw a man in the median running across the highway into a field after Diagliani called out to him. Petitioner was that man. He did not respond when the officer called to him. After Diagliani lost sight of petitioner he radioed for patrol assistance. The officer then looked at the automobile and discovered that the back window was shattered, and there were two holsters and a handgun on the front seat. At this point two motorists approached Officer Diagliani. One reported having observed a man park an automobile at the side of the highway, get out of the car, and shoot it with a handgun. The other motorist said he saw a man on foot in the median who turned and aimed a handgun at the parked automobile.
 
 
 6
 When the additional officers arrived, they saw petitioner in a field near the highway spinning around flapping his arms. Petitioner was sweating profusely, saying "Shoot me. Kill me. I don't care." The officers arrested petitioner and asked him where the gun was. Petitioner responded that it was in the field, which the officer interpreted as being in the median. The arresting officer then asked if there were more guns, to which petitioner responded there were two more in the automobile. The officers searched the median and the car and found one handgun in the median and two more in the car. While searching the car, the officers discovered the cocaine that formed the basis of petitioner's conviction.
 
 
 7
 Habeas corpus relief in federal court is available "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). We have no jurisdiction to review the decisions of the Colorado Court of Appeals. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the Supreme] Court."). The state trial court's determination of facts, as evidenced by its written findings, is presumed to be correct, considering that petitioner does not establish any of the circumstances necessary to challenge that presumption. See 28 U.S.C. 2254(d). "The presumption applies to basic, primary, or historical facts and the inferences that can properly be drawn regarding them." Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir.1989), cert. denied, 494 U.S. 1035 (1990).
 
 II
 
 8
 Two of petitioner's claims: that interest was due his father on the state court bail bond, and that his sentence does not reflect that this was his first felony conviction, are not cognizable under 2254. Those issues do not implicate federal law.
 
 III
 
 9
 Petitioner contends he was arrested without probable cause on the charge of prohibited use of weapons. Generally, federal habeas relief is unavailable on a claim that a petitioner was arrested in violation of the Fourth Amendment if the petitioner had an opportunity for full and fair litigation of that claim in the state court and on direct review. Stone v. Powell, 428 U.S. 465, 482, 486 (1976). Here, however, the Colorado Court of Appeals did not review the merits of this claim, stating that petitioner's appellate brief did not include citations to the record. Because the copy of petitioner's state appellate brief provided to us contains citations to the state trial record, contrary to the Court of Appeals statement, we will consider this issue.
 
 
 10
 An arrest is lawful if based on probable cause, "defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' " Gerstein v. Pugh, 420 U.S. 103, 111-12 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). " '[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment....' " Maryland v. Garrison, 480 U.S. 79, 87 (1987) (quoting Hill v. California, 401 U.S. 797, 804 (1971)).
 
 
 11
 Petitioner argues vehemently that his arrest was based on false information relayed to the arresting officers by the police dispatcher. The trial record reflects that the first law enforcement officer on the scene, Officer Diagliani, told the police dispatcher that two eyewitnesses had seen a man firing a handgun in the median, and the man ran across the highway into a field. At the suppression hearing, one eyewitness testified that he saw a man pull his automobile off the highway, get out of the car, and shoot the car with a handgun. Another eyewitness testified that at the same time and place he saw a man cross the highway, stop in the median, and aim a handgun at an automobile parked on the shoulder. Neither of the two eyewitnesses could remember exactly what they had told Officer Diagliani at the scene.
 
 
 12
 Petitioner reasons that because the two eyewitnesses could not remember precisely what they told Officer Diagliani they did not in fact tell him anything. We reject that strained logic, and conclude that it was reasonable to infer the two eyewitnesses related to Officer Diagliani what they had observed. Moreover, Diagliani's statement to the police dispatcher capsulizing the two eyewitnesses' statements fairly characterized those observations.
 
 
 13
 Petitioner further claims that Officer Diagliani erroneously told the police dispatcher that the suspect was west of the highway. We cannot determine whether petitioner argues that this was a misstatement of constitutional magnitude, or that it proves Officer Diagliani was generally untruthful or inaccurate. In any event, several other witnesses corroborated that the suspect was west of the highway. E.g., II R. 81 (Officer Hoyne: automobile was due east of man); IIIR. 76 (Mr. Ensslin: man went west).
 
 
 14
 The arresting officer had the following information when he arrested petitioner. One witness observed a man shooting his automobile. Officer Diagliani noticed an automobile with its back window shot out. Another witness saw a man running across a busy highway pointing a handgun at the automobile. Another officer watched a man behaving erratically and making incoherent statements. Petitioner was the only man on foot in the vicinity besides the witnesses and police officers. We conclude the arresting officers had probable cause to arrest petitioner.
 
 IV
 
 15
 Petitioner next asserts that his Fifth Amendment rights were violated when a police officer asked him incriminating questions after his arrest but without advising him of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). Immediately after handcuffing petitioner, a police officer asked him where the gun was. Petitioner responded that it was in the field. The officer then asked if there were other guns, and petitioner described two more guns, indicating they were in the automobile. Respondent does not dispute that the police questioned petitioner about the location of the firearms before giving the Miranda warning. Even though this is a suppression issue, Stone v. Powell, 428 U.S. 465, that does not preclude our review. Withrow v. Williams, 113 S.Ct. 1745, 1748 (1993).
 
 
 16
 The public safety exception to the requirement that Miranda warnings be given before the police question a suspect permits the admission of the suspect's answer as evidence in an appropriate case. New York v. Quarles, 467 U.S. 649, 655-56 (1984). In Quarles, as here, the location of the suspect's gun was not known, and the police encounter occurred in a busy public place. Although petitioner argues his circumstances are factually distinguishable from Quarles, the differences are not of sufficient substance to take his case outside the exception. The police limited their questions to the location of the gun, and they apprehended petitioner on an interstate highway. The questions were within the public safety exception to the Miranda requirement, and the answers were properly admitted into evidence.
 
 V
 
 17
 Petitioner next claims that the warrantless search of his automobile required suppression of the evidence discovered there. The state trial and appellate courts both heard and ruled on the merits of this issue. Our review of the record reveals that petitioner received a full and fair opportunity to litigate this claim. Petitioner identifies no specific infirmities in the suppression hearing; he simply does not agree with the result. Federal habeas relief is unavailable under these circumstances. See Stone v. Powell, 428 U.S. at 482 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnote omitted)).
 
 VI
 
 18
 Next petitioner argues that his trial counsel provided ineffective assistance. Although petitioner has not exhausted state court remedies on this claim, "it is appropriate for a federal appellate court to address the merits of unexhausted 2254 federal habeas corpus claims if they fail, as here, to raise even a colorable federal claim, and if the interests of justice would be better served by addressing the merits of the habeas petition." Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992). This approach avoids "a belated application of the exhaustion rule [that] might simply require useless litigation in the state courts." Granberry v. Greer, 481 U.S. 129, 133 (1987).
 
 
 19
 Petitioner argues his attorney was ineffective because she was inexperienced and because she failed to present evidence on petitioner's behalf as follows: (a) testimony that petitioner's dog was present at the scene and that petitioner was chasing his dog, (b) evidence of fingerprints on the drug items found in the car, (c) testimony from petitioner's wife that the car and the cocaine were hers, and (d) evidence that petitioner was involved in a lawsuit against his mother-in-law who had admitted in a sworn statement that she had hired a private investigator to find petitioner. He also argues that counsel failed to correct the prosecutor's misstatements in closing argument that the amount of cocaine found in the car was twenty-two grams, not twenty-two ounces, and counsel should have attacked Detective Holloway's credibility by demonstrating that Holloway was using in undercover narcotics work the automobile petitioner's wife apparently forfeited.
 
 
 20
 Petitioner's claims do not meet the test of Strickland v. Washington, 466 U.S. 668 (1984), to establish constitutionally ineffective assistance of counsel. Under Strickland, petitioner must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. Id. at 687. An ineffectiveness claim must be evaluated "as of the time of counsel's conduct" rather than in light of the outcome of the trial. Counsel is presumed to be adequate. Id. at 689-90. Prejudice is established by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 21
 Even assuming that counsel's performance was deficient, petitioner has not shown that there is a reasonable probability the result would have been different. Even if the jury believed petitioner was chasing his dog and petitioner's mother-in-law hired an investigator, that evidence is not inconsistent with petitioner's cocaine possession. Evidence that petitioner's fingerprints were not lifted from the drug is not inconsistent with his having possessed the cocaine. Even if petitioner's wife had testified she owned the car and that petitioner knew nothing about the cocaine, which seems unlikely, the jury would not have been required to believe her.
 
 
 22
 Detective Holloway's use of the automobile was entirely collateral to the charge of which petitioner was convicted. Counsel's failure to correct the prosecutor's misstatement in closing argument on the amount of cocaine found in the car also does not demonstrate deficient representation. The record does not suggest that petitioner's conviction was based on the quantity of cocaine, or that the trial court's sentencing decision utilized an incorrect amount of cocaine. See Colo.Rev.Stat. 18-18-405(3) (mandating minimum sentence for conviction involving twenty-eight grams or more of cocaine). Inexperience alone does not overcome the presumption of competence, and the strategic decision not to present evidence on behalf of the accused falls within "the wide range of reasonable professional assistance." Id. at 689. Petitioner's claimed errors are not shown to have been prejudicial.
 
 VII
 
 23
 Petitioner next asserts that law enforcement authorities destroyed exculpatory evidence, including fingerprints from every item in the automobile. He also argues that the police should have taken pictures of the automobile before it was repaired. To be entitled to relief on this claim petitioner must establish both that the evidence destroyed by the prosecution had apparent exculpatory value before it was destroyed and that he was unable to reasonably obtain comparable evidence. California v. Trombetta, 467 U.S. 479, 489 (1984). Petitioner established neither element as to these items of evidence.
 
 VIII
 
 24
 We next consider petitioner's claim that he was denied effective assistance of counsel in his federal habeas petition. He asserts that counsel omitted important issues from the petition. Because we have addressed, and rejected, all arguments petitioner complains his attorney omitted, we need not further discuss this argument.
 
 IX
 
 25
 Finally, we construe the habeas petition to include a claim that petitioner was denied a fair trial because evidence was not fairly presented and the facts and law were misconstrued and misapplied. See Jackson v. Virginia, 443 U.S. 307 (1979). We have examined the entire record, as well as petitioner's brief filed with the Colorado Court of Appeals, petitioner's and counsel's briefs filed with the district court, and the briefs and all attachments filed with this court. We conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. Accordingly, the petition for writ of habeas corpus was properly denied by the district court.
 
 X
 
 26
 Petitioner's pending motions are resolved as follows: (1) The motion to move petitioner to a prison close to Denver is denied; we are without authority to require state prison authorities to relocate or reassign an inmate. (2) The motion to include Exhibit A in his appellate briefs is designed to circumvent Fed. R.App. P. 28(g) limiting an appellant's opening brief to fifty pages and the reply brief to twenty-five pages; but we will treat petitioner's request as a motion to exceed the page limitation, and grant the motion. Accordingly, we have considered all of petitioner's materials presented in support of his claims. (3) The motion to certify questions to the Colorado Supreme Court is denied. (4) The motion to reconsider our order declining to obtain the materials filed with the Colorado Court of Appeals is denied. (5) The motion for an evidentiary hearing in this court is denied.
 
 
 27
 AFFIRMED.
 
 
 28
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation