61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marke Eugene BOGLE, Petitioner-Appellant,
v.
Harry JOHNSON, also known as Benny Johnson, Superintendent;
Gale Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 95-1086.
(D.C.No. 92-B-1240)
 United States Court of Appeals, Tenth Circuit.
 July 19, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant Marke Eugene Bogle ("Bogle") appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Bogle was convicted in Colorado by a jury for first degree murder and sentenced to life in prison. Bogle challenged his conviction first to the Colorado Court of Appeals, claiming that (1) the trial judge improperly admitted hearsay testimony into evidence; (2) the trial judge gave contradictory instructions to the jury; and (3) insufficient evidence supported his conviction. The Court of Appeals affirmed the conviction, and the Colorado Supreme Court denied certiorari. Bogle then sought post-conviction relief in state court, alleging that (1) the trial court wrongly denied his requested intoxication instruction; (2) jury misconduct tainted the trial; and (3) the court unfairly suggested certain questions be asked by the prosecution. The lower state court found Bogle's post-conviction claims meritless and denied his request to appoint counsel. The Colorado Court of Appeals affirmed, Bogle petitioned for certiorari only on the issue of his request for the appointment of counsel, and the Colorado Supreme Court denied the petition.
 
 
 3
 Bogle then filed the instant petition for habeas corpus in federal district court. After referring the case to a magistrate, the court adopted the magistrate's recommendations and denied the petition.[2] The magistrate concluded that (1) the alleged hearsay, even if improperly admitted, did not deprive Bogle of a fair trial; (2) the jury instructions were not confusing; (3) the evidence was sufficient for a reasonable jury to conclude that Bogle killed with premeditated intent; (4) the lack of evidence that Bogle was intoxicated supported the court's refusal to give an intoxication instruction; (5) the evidence did not reveal any prejudicial juror misconduct; and (6) the trial judge's suggestion that a question be asked by the prosecution did not render the trial unfair. The magistrate further concluded that the cumulative effect of any errors did not violate Bogle's due process rights. Finally, the magistrate explained that Bogle did not have a federal constitutional right to the appointment of counsel in his state post-conviction proceedings.[3]
 
 
 4
 We agree with the recommendations of the magistrate upon which the district court dismissed Bogle's petition for habeas corpus. Accordingly, the ruling of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 However, the district court granted Bogle's motion to proceed in forma pauperis pursuant to 28 U.S.C.1915(a) and issued a certificate of probable cause pursuant to 28 U.S.C. 2253
 
 
 [3]
 The magistrate also stated that several of Bogle's claims had not been exhausted or were procedurally defaulted, but nevertheless addressed the merits of the claims under the authority of Granberry v. Greer, 481 U.S. 129, 136 (1987). We also base our ruling on the merits