101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tayr KILAAB AL GHASHIYAH (KHAN), Petitioner-Appellant,
v.
Judy SMITH, Respondent-Appellee.*
 No. 93-4064.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 16, 1996.**
Decided Oct. 24, 1996.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1985, and again in 1986, Tayr Kilaab al Ghasiyah (Khan), a Wisconsin inmate formerly known as John Casteel, was convicted of two separate bank robberies. In 1992 he brought two petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, respectively challenging his convictions. The district court consolidated and denied the petitions. Kilaab appeals; we affirm.
 
 I.
 
 2
 Kilaab's convictions arose out of two bank robberies committed on June 19 and July 2, 1985. In the July 2 robbery, for which Kilaab (then Casteel) was tried and convicted first, a lone gunman later identified to be Kilaab ordered a teller at the First Financial Bank of Green Bay to put money in a pillowcase. He obtained $2,713, including some premarked "bait money." Kilaab was later arrested for a parole violation at the home of Laura Voight; a search with Voight's consent revealed various items, including a makeup kit and a marked $5 bill, that were used as evidence at trial. On October 31, after a bench trial, Brown County Circuit Judge N. Patrick Crooks convicted Kilaab of armed robbery and of being a felon in possession of a firearm. On December 17 the court sentenced him to an indeterminate term of thirty years imprisonment for the armed robbery with two years concurrent for the possession count.
 
 
 3
 The earlier June 19 robbery of a First Interstate Bank of Wisconsin in the village of Howard was also committed by a lone gunman. Memorably, the robber was dressed as a woman, wearing sunglasses, lipstick, a wig, and cowboy boots, and carrying a purse. An accomplice, Debra Schwebler, drove the getaway car. This time Kilaab had a jury trial, again before Judge Crooks. On February 14, 1986, the jury convicted Kilaab of armed robbery and of being a felon in possession of a firearm. On March 14 the court sentenced him to twenty years for the robbery with two years concurrent for possession, both consecutive to his existing thirty-year sentence for the Green Bay robbery.
 
 II.
 
 4
 With varying degrees of clarity, Kilaab raises a plethora of challenges to the validity of his convictions, taking the imprecise "shotgun" approach that we have cautioned appellants against using. Gagan v. American Cablevision, Inc., 77 F.3d 951, 955 (1996); United States v. Levy, 741 F.2d 915, 924 (7th Cir.), cert. denied, 469 U.S. 1021 (1984). The respondent argues that because Kilaab's state court briefs were equally confusing and disorganized, he has failed to fairly present his claims to the state courts and thus has not exhausted them. The district court disagreed. It is unnecessary, however, to linger on the exhaustion question where, as here, we find that the petition should be denied on the merits. Granberry v. Greer, 481 U.S. 129, 135 (1987). The Antiterrorism and Effective Death Penalty Act of 1996, PubL. No. 104-132, 110 Stat. 1214, codifies this principle by authorizing the denial of a petition on the merits notwithstanding failure to exhaust state remedies. See 28 U.S.C. § 2254(b)(1)(B)(ii)(2).
 
 
 5
 None of Kilaab's contentions merits extended discussion. He argues at length, for example, that his arrest and pretrial detention were unlawful because of certain procedural deficiencies, and that this should invalidate his conviction. As the district court noted, the record does not support his claims; moreover, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." United States v. Crews, 445 U.S. 463, 474 (1980); Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (same for illegal detention). To the extent that Kilaab alleges that the evidentiary fruit of the arrest should have been excluded from trial, he fully and fairly litigated this contention in state court and has not provided the necessary grounds to relitigate it here, Stone v. Powell, 428 U.S. 465 (1976).
 
 
 6
 With regard to the Green Bay robbery, Kilaab claims that the criminal information was not properly filed. As has often been noted, 28 U.S.C. § 2254 only permits a federal court to grant habeas corpus relief to state prisoners for violations of federal law. 28 U.S.C. § 2254(a); Mack v. Peters, 80 F.3d 230, 234-35 (7th Cir.1996). Charging procedures must comply with general principles of federal due process, Tague v. Richards, 3 F.3d 1133, 1141 (7th Cir.1993), but Kilaab has alleged nothing more than minor procedural violations that, as a matter of fact and of state law, the Wisconsin Court of Appeals rejected. State v. Casteel, 405 N.W.2d 83 (Wis.Ct.App.1987) (unpublished disposition), review denied, 407 N.W.2d 559 (Wis.1987).
 
 
 7
 With regard to the earlier Howard robbery, Kilaab's most serious contentions are that he was denied the right to cross-examine Schwebler, the getaway car driver, and that the prosecutor improperly commented on Kilaab's failure to testify. As the district court found, neither claim is even remotely supported by the record. Contrary to Kilaab's claims, he was permitted to cross-examine Schwebler at length, and the prosecutor's appropriate rebuttal argument did not penalize him for invoking his right not to testify. His bald assertion that Judge Crooks, who presided over both trials, was biased against him is similarly unsupported by the record.
 
 
 8
 Kilaab also advances general claims of his counsel's ineffectiveness. The arguments and evidence he believes counsel should have marshaled in his defense are uniformly unpersuasive, and their omission was in any event well within the bounds of professional trial strategy.[1] Kilaab's remaining claims are weaker still and do not need to be separately addressed.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 During the pendency of this appeal, appellant was transferred to the Oshkosh Correctional Institution. Warden Judy Smith, appellant's current custodian, is now the proper respondent. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The court substitutes Smith for former respondents Gary McCaughtry and Phillip Macht on its own motion. Cf. Reimnitz v. State's Attorney, 761 F.2d 405, 409 (7th Cir.1985)
 
 
 **
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Regarding Kilaab's claim that his counsel abandoned him on appeal, we remanded the case on December 4, 1995, for further fact-finding. The district court held that Kilaab had voluntarily elected to proceed pro se; we find no error in this conclusion. Cf. United States v. Navarro, 90 F.3d 1245, 1256 & n. 6 (7th Cir.1996) (discussing standard of review for questions of voluntariness); In re Krehl, 86 F.3d 737, 742 (7th Cir.1996) (same)