108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Lawrence TOWNSEND, Petitioner-Appellant,
v.
Larry MEACHUM, Connecticut Commissioner of Corrections,
Respondent-Appellee.
 No. 96-2479.
 United States Court of Appeals, Second Circuit.
 March 6, 1997.
 
 APPEARING FOR APPELLANT: Michael O. Sheehan, Assistant Federal Public Defender, New Haven, Connecticut
 APPEARING FOR APPELLEE: Donald A. Browne, State's Attorney, Bridgeport, Connecticut
 PRESENT: ELLSWORTH A. VAN GRAAFEILAND, JOSE A. CABRANES, Circuit Judges.*
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Petitioner was tried in Connecticut Superior Court on the charge of murder in the first degree. In an initial hearing on July 14, 1987, the petitioner refused court appointed counsel and stated repeatedly that he would defend himself and that he waived his right to an attorney. Upon examination, the court determined that the petitioner had completed the twelfth grade, and had had four jury trials, in one of which he defended himself, and in another he purported to serve as "co-counsel" with an attorney. The court warned the defendant of the possible consequences of conviction and the advantages of representation by an attorney. The petitioner remained adamant about defending himself. Nonetheless, the court appointed the Public Defender's Office as stand-by counsel. At pre-trial hearings and at trial the defendant, without the aid of stand-by counsel, filed motions for change of venue, reduction of bond, for a transcript, to suppress statements, challenging the jury array, and to dismiss. During trial he excepted to adverse rulings and in many other matters provided an intelligent defense.
 
 
 4
 On July 23, 1987, at a probable cause hearing, the Public Defender's Office informed the court that one of the prosecution witnesses was a friend of the head of that Office. The following day the Public Defender's Office moved for the appointment of a Special Public Defender, one not affiliated with the Public Defender's Office. On August 5, 1987, the court granted that motion, relieved the Public Defender's Office of its appointment as stand-by counsel and appointed a Special Public Defender as substitute stand-by counsel, who was then present at all subsequent pre-trial and trial hearings.
 
 
 5
 The defendant's subsequent conviction for murder on December 9, 1987, was affirmed by the Connecticut Supreme Court, State v. Townsend, 211 Conn. 215, 558 A.2d 669 (1989). On March 25, 1991, the defendant filed a pro se habeas petition in the United States District Court for the District of Connecticut. Petitioner alleged that the state court judge had failed to apprise him of his right to counsel, free of conflict of interest, and had rendered his waiver of his right to counsel ineffective, and that the state court had violated his due process rights in denying his motion for change of venue because of prejudicial publicity. On September 22, 1994, petitioner filed a motion for summary judgment. The district court denied the motion on May 31, 1996, and ordered that the petition be dismissed. This appeal followed.
 
 
 6
 As an initial matter, the respondent claims that the petitioner has not exhausted his state remedies and that the petition should therefore be dismissed. In reply, petitioner claims that because respondent only raised this exhaustion defense on appeal, respondent should be deemed to have waived such defense. However, because we affirm the district court's dismissal of the petitioner's habeas corpus petition on the merits, we do not decide whether the petitioner fully exhausted his state remedies before we review his petition. See Granberry v. Greer, 481 U.S. 129, 135 (1987) ("if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgement of the district court forthwith").
 
 
 7
 The petitioner claims that the state trial court erred in assuming that he continued to waive his right to counsel at the time that standby counsel not affiliated with the Public Defender's Office was appointed. We disagree. At the initial hearing at which he waived representation by counsel, the defendant repeatedly stated that he desired neither the Public Defender's Office nor a Special Public Defender to represent him. Furthermore, when the court later discussed the role of the Special Public Defender with the defendant he pointed out that he was "a private member of the bar" and that he was appointed in place of the Public Defender's Office because of its purported conflict of interest.
 
 
 8
 We have considered the plaintiffs' remaining contentions on this appeal and have found them to be without merit, substantially for the reasons stated in the district court's Ruling on Motion for Summary Judgment, dated May 31, 1996.
 
 
 9
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 Judge Meskill recused himself from participation in the decision of this case, which is decided by the remaining members of the panel, who are in agreement. See Local Rule § 0.14(b)