**Louis W. BROCK, Petitioner–
Appellant,**

v.

**Mark SELING, Respondent–Appellee.**

**No. 02–35444.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Filed Nov. 22, 2004.

Maria E. Stratton, Federal Public Defender; Myra Sun, Deputy Federal Public Defender, Los Angeles, California, for the petitioner-appellant.

Christine O. Gregoire, Attorney General; John J. Samson, Assistant Attorney General, Criminal Division, Olympia, Washington, for the respondent-appellee.

Before: SCHROEDER, Chief Judge, BROWNING, and TASHIMA, Circuit Judges.

PER CURIAM:

This is a habeas appeal challenging jury instructions regarding the mental condition required to support civil commitment under the Sexually Violent Predator's Act (SVPA). Mr. Brock, civilly committed as a sexually violent predator, argues that the jury instructions supporting his commitment failed to satisfy the due process requirements detailed in *Kansas v. Crane,* 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). The State defends that (1) Brock's due process argument was not properly exhausted in the state court nor raised in the district court and (2) the jury instructions given satisfy *Crane's* requirement that a person convicted under SVPA be shown to suffer "serious difficulty" controlling dangerous behavior. We hold that the jury instructions meet *Crane's* requirement despite omission of the phrase "lack of control." The district court's judgment denying Brock's petition for writ of habeas corpus is AFFIRMED.

## I.

### A. Factual Background

A history of convictions for violent and sex-related crimes led the State of Washington to declare Mr. Brock a sexually violent predator pursuant to SVPA in 1991. *See* Wash. Rev.Code § 71.09.020. As he neared completion of a sentence for second degree assault and attempted first-degree rape, the State offered the underlying conviction to make the required showing that Brock committed a "sexually violent offense." The State also offered Brock's prior convictions for similar offenses and expert testimony to show that Brock "suffered from a mental abnormality or personality disorder" that made him likely to engage in future "predatory acts of sexual violence."

### B. Procedural Background

After the Washington Court of Appeals affirmed,[1] Brock petitioned for a writ of

---

1. The State objects that Brock's challenge to the jury instructions was not properly exhausted in state court. Brock has consistently challenged these instructions on the basis of due process against a changing background of law; *Crane* itself was only decided in January 2002—*after* Brock's first appeal and within one month of Brock's supplemental memo. The Washington Supreme Court addressed *Crane* and found it to be consistent with the Supreme Court's prior rule in *Kansas v. Hendricks,* 521 U.S. 346, 358, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). *See In Re*

habeas corpus in federal district court in February 1992. After successive filings to clarify the grounds for relief in his second petition, Brock's petition was dismissed in August 2001. Brock timely appealed the dismissal in September 2001, raising the *Crane* issue in a supplemental memo on February 12, 2002.[2] The district court denied his certificate of appealability in April 2002. This Court granted a certificate of appealability on the *Crane* issue in December 2003.

## II.

■ The district court had jurisdiction pursuant to 28 U.S.C. § 2254. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). Because Brock initiated this action before April 24, 1996, the merits of the claims are not governed by the Antiterrorism and Effective Death Penalty Act. We consider *de novo* the district court's decision to deny Brock's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).

### A. Mental Condition Required for Civil Commitment

"A variety of expressions" are used to describe the mental condition of sexually violent predators subject to civil commitment. *Kansas v. Hendricks*, 521 U.S. 346, 359, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). While commitment procedures to "narrow[ ] the class of persons eligible for confinement" vary, most states focus on a

person's inability to control his dangerousness. *Id.* at 358, 117 S.Ct. 2072. The element of control, or the lack thereof, is not "demonstrable with mathematical precision" and is not given a "particularly narrow or technical meaning." *Crane*, 534 U.S. at 413, 122 S.Ct. 867.

■ Even if the claim had not been previously heard in the district court, review of the issue *sua sponte* would be within the authority of this Court. *See Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir.1985) (setting forth exception to general rule that appellate courts decline to hear issues presented first on appeal when a new theory or issue arises while appeal is pending because of a change in the law).

Instead, in distinguishing persons subject to civil commitment from the "dangerous but typical recidivist" convicted in an ordinary criminal case, "[i]t is enough to say that there must be proof of 'serious difficulty' in controlling behavior." *Id.*

■ In the present case, the jury's finding that Brock suffers from "some combination of mental abnormality and personality disorder which in conjunction make him likely to engage in predatory acts of sexual violence" meets the standard set forth in *Crane*. While the jury instructions do not specify that Brock's mental condition must be rooted in a mental abnormality apart from a personality disorder, *Crane* does not require specific findings on the *nature* of the condition responsible for a sexually

*Thorell*, 149 Wash.2d 724, 72 P.3d 708, 735 (2003). Given the evolving background of the law and Brock's persistent challenge to the proof requirements for civil confinement, we exercise discretion to hear the present appeal on its merits. *See Granberry v. Greer*, 481 U.S. 129, 134–35, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

**2.** Contrary to the State's claims, Brock cited *Crane* while challenging the jury instructions

in district court in a supplemental memo filed in February 2002. Since the district court and opposing counsel had an opportunity to pass on the nature of the mental disorder required for civil confinement *prior* to the rendering of final judgment against Brock (and in light of *Crane),* the issue is not improperly presented for the first time on appeal.

violent predator's lack of control. *Id.* at 413–14, 122 S.Ct. 867. Whether predicated on expert testimony that Brock suffered from a paraphilia that rendered him unable to control his desire to rape or testimony suggesting an antisocial personality marked by impulsivity, or both, the jury undoubtedly found that Brock's condition evinced "serious difficulty" in controlling behavior. This is sufficient. *Crane* declined to require that the condition posing serious difficulty be a volitional one. *Id.* at 414, 122 S.Ct. 867.

**B. Proof Required for Civil Commitment**

■ *Crane* speaks to outer limits rather than specific elements. *Crane* does not require "total or complete" lack of control, but only "some" showing of an abnormality that makes it "difficult, if not impossible for the dangerous person to control his dangerous behavior." *Id.* at 411, 122 S.Ct. 867 (citing *Hendricks,* 521 U.S. at 358, 117 S.Ct. 2072). During commitment proceedings, the jury made definite findings regarding control on the basis of extensive expert testimony. While the jury did not specify the severity of Brock's condition, it is clear it did not commit him absent "any" showing of control in contravention of *Crane.* *Id.* at 414, 122 S.Ct. 867.

### III.

Because the United States Supreme Court does not require a fact finder to make specific determinations of "lack of control" or "volitional impairment" before ordering civil commitment of a sexually violent predator, Mr. Brock's petition for writ of habeas corpus was properly **DENIED.**

**AFFIRMED.**