**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANNY CLAUDE COTTON,

              Petitioner - Appellant,

  v.

DORA SCHRIRO, Director; TERRY
GODDARD, Attorney General of the
State,

              Respondents - Appellees.

No. 08-17042

D.C. No. 2:06-cv-01819-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted December 9, 2009
San Francisco, California

Before: COWEN,[**] GRABER, and BYBEE, Circuit Judges.

     Danny Cotton appeals the district court's denial of his petition for a writ of

habeas corpus.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

Cotton's sole argument in his petition for a writ of habeas corpus—one that he never raised in state court—is that he is actually innocent of the crime for which he was convicted. Although Cotton's actual innocence claim is unexhausted, we affirm the judgment of the district court and deny Cotton's petition because "'it is perfectly clear that [Cotton] does not raise even a colorable federal claim.'" *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (quoting *Granberry v. Greer*, 481 U.S. 129, 135 (1987)); *see* 28 U.S.C. § 2254(b)(2).

To establish his claim of actual innocence, Cotton relies on three recantation affidavits and eight alibi affidavits. Because post-trial affidavits are "obtained without the benefit of cross-examination," *Herrera v. Collins*, 506 U.S. 390, 417 (1993), they "are to be treated with a fair degree of skepticism," *id.* at 423 (O'Connor, J., concurring). Cotton's affidavits are no exception. The recantation affidavits emerged two, six, and ten years after Cotton's trial, with "[n]o satisfactory explanation . . . given as to why" the affiants waited so long to come forward. *Id.* at 417. Montague's affidavit is unreliable because the record supports the state court's conclusion that Montague was coerced into providing a similar recantation affidavit before trial. Wright's affidavit is hard to believe because he says that he erred in identifying Cotton as the shooter despite the fact that *Cotton is his cousin*. For similar reasons (Williams knew Cotton), we find unpersuasive Williams' much belated assertion that she "made a big mistake." The alibi

affidavits are also unreliable; most of them are signed by then-eight-year-old attendees at a birthday party with close to thirty kids in attendance. At best, the affidavits, viewed as a whole, do nothing more than "undercut the evidence presented at trial"; they do "not affirmatively . . . prove [Cotton's] innocence." *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (en banc).

Because Cotton has not come close to making the "extraordinarily high" showing required to establish a freestanding claim of actual innocence, *see id.* at 476, we need not decide whether such a claim is cognizable in a non-capital case, or whether such a claim equitably tolls AEDPA's statute of limitations, *see* 28 U.S.C. § 2244(d)(1); *Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002) ("This important legal question . . . is not appropriately addressed by us in a hypothetical context.").

Finally, we treat Cotton's presentation of uncertified issues as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

AFFIRMED.